# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:16-CR-103 |
| ) | JUDGE GREER |
| VINCENT LEE FERGUSON, ) | |
| MATTHEW LEE FERGUSON, ) | |
| KERRY JOSEPH FERGUSON, ) | |
| MATTHEW HARRISON MARTLAND, ) | |
| STEPHANIE LYNN KAEMMERER, and ) | |
| NEIL STREETER ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR DATE OF PRODUCTION TO THE COURT OF SUBPOENAED ITEMS FOR EXAMINATION BY COUNSEL AND FOR PROTECTIVE ORDER

Comes the defendant, Matthew Harrison Martland, by and through undersigned counsel and pursuant to Fed. R. Crim. Proc. 16(d)(1) and 17(c)(1), the due process clause of the Fifth Amendment, and the compulsory process, confrontation, and fair trial provisions of the Sixth Amendment, and respectfully moves this Honorable Court for the entry of an Order setting a date certain for pre-trial production of certain electronic and other items that Mr. Martland intends to subpoena so the items may be provided to and examined by counsel a sufficient amount of time prior to trial.

Mr. Martland also moves the Court for the entry of a Protective Order requiring that certain electronic and physical items of former Wellco Enterprises, Inc. now owned and in the possession of Original Footwear, Inc. in its manufacturing facility located in Morristown, Tennessee, be

preserved during the pendency of this criminal litigation and allowed to be inspected by counsel for the parties.

In further support, the following is stated:

(1) The Superseding Indictment in this case was filed on January 10, 2017. [Doc. 36]. The Superseding Indictment alleges violations of 18 U.S.C. § 1349 (conspiracy to commit wire fraud), incorporating the Buy American Act located at 41 U.S.C. §§ 8301-8305, the Trade Agreements Act of 1979 located at 19 U.S.C. § 2501, the Berry Amendment located at 10 U.S.C. § 2533a, as well as several unnamed interpreting regulations of these statutes. The Superseding Indictment also alleges violations of 18 U.S.C. § 1343 (wire fraud), violations of 18 U.S.C. § 1031 (major fraud against the United States), and a violation of 18 U.S.C. § 545 (smuggling). The Superseding Indictment includes forfeiture allegations seeking forfeiture to the United States of $8,145,000.00 by all defendants, to include any substitute assets.

(2) The Superseding Indictment states that the defendants were employees of Wellco Enterprises, Inc., a company that was headquartered and operated a manufacturing facility in Morristown, Tennessee and that manufactured and supplied military and rugged footwear. *See* Superseding Indictment [Doc. 36] at paras. 1-12. Specifically, Mr. Martland did not hold an officer position with Wellco, but instead was the Director of Distribution and Logistics. *Id*. at para. 10. During the timeframe of the allegations, Wellco was a wholly-owned subsidiary of Tactical Holdings Operations, Inc., a portfolio company of Golden Gate Private Equity, Inc., a San Francisco-based private equity investment firm. *Id.* at para. 5.

(3) The Superseding Indictment maintains that from December 3, 2008 to August 31, 2012, the defendants were involved in a conspiracy to defraud government and commercial purchasers by "importing military-style boots that were made in China and in other foreign

countries into the United States and then deceptively marketing and selling those boots to the United States Government, government contractors, and the general public as 'Made in the USA' and as compliant with domestic content preference laws[.]" *Id*. at paras. 18, 37. The Superseding Indictment states that Wellco's assets were sold following bankruptcy to Original Footwear Holding, Inc., on August 15, 2014. *Id*. at para. 13.

(4)     Since the initiation of this case, the government has made multiple discovery productions to the defendants. The discovery produced to date is voluminous and still in the process of being reviewed and analyzed by defense counsel. The most recent discovery production occurred on April 26, 2017.

(5)     Much of the electronic discovery produced concerns e-mail correspondence, electronic business records and documents, and other like items involving the defendants and others that appear to have been obtained from the corporate servers of now defunct Wellco. From the review of those materials to date, it is apparent that the government obtained from Wellco specific e-mail chains and communications, some involving Mr. Martland and others not involving him, and it is unknown how the government determined which specific e-mails and documents to obtain, such as the government's search terms or search parameters. The entirety of the electronic conversations surrounding the e-mail chains were not provided in discovery, and as a result counsel for Mr. Martland conducted investigation to determine if the entirety of the electronic communications, as well as any other business records and materials of Wellco, were still available.

(6)     Counsel for Mr. Martland contacted the CEO of Original Footwear, Kevin Cole,[1] concerning the availability of any of former Wellco business records, to include but not limited to

---

[1] https://www.originalfootwear.com/about-us (last accessed August 1, 2017).

the Wellco e-mail server. Mr. Cole confirmed that Original Footwear is still in possession of a hard disk backup drive from the Wellco e-mail server. Mr. Cole also confirmed that Original Footwear is still in possession of documents and business records from its purchase of Wellco's assets, and under its purchase agreement in Wellco's bankruptcy, Original Footwear is required to store and maintain those materials until **August 15, 2017**. The physical documents and materials are presently stored at Original Footwear's corporate headquarters in Morristown, Tennessee. Along with the filing of this motion, defense counsel is sending a preservation letter to Original Footwear, Inc., to request preservation of any and all materials subject to this motion beyond August 15, 2017.

(7) Mr. Cole has informed Mr. Martland's counsel that Original Footwear is willing to allow a forensic image of the Wellco e-mail server to be made for analysis so long as it is subpoenaed and authorized by the Court. Mr. Cole has also informed Mr. Martland's counsel that Original Footwear is willing to allow counsel to review, inventory, and copy any physical documents or materials of former Wellco relevant to the case so long as such a review is authorized by the Court. To Mr. Cole's knowledge, no agent or representative of the government in this case has reviewed, copied, or obtained any of the physical records or documents of Wellco in Original Footwear's possession. To Mr. Cole's knowledge, prior to the return of the Indictment in this case and after Original Footwear purchased the assets of Wellco, agents of the government obtained certain electronic materials of Wellco from Original Footwear, but Mr. Cole does not have documentation or records as to which electronic materials were obtained.

(8) The physical documents, records, and materials of Wellco in the possession of Original Footwear are housed in a large storage room and are organized into boxes, some of which are depicted below:









(9) The items sought are not in the possession of the government, are not items made by law enforcement during its investigation, and cannot be obtained by other means.[2] The materials are relevant to defense investigation and preparation since they consist of information, records, e-mail communications, and other records of Wellco that provide context surrounding the select e-mail communications and records obtained by the government and provided in discovery. Adequate preparation of the defense cannot be accomplished without the production of the items at issue. There is a good faith basis to believe that a review of the items sought to be subpoenaed for production will yield relevant materials necessary for the preparation of the defense.

(10) Fed. R. Crim. P. 17(c)(1) provides:

---

[2] While the following sentences analyze the subpoenas at issue within the framework of *U.S. v. Nixon*, 418 U.S. 683, 699 (1974), which is the analysis followed by the Sixth Circuit in *U.S. v. Hughes*, 895 F.2d 1135 (6th Cir. 1990), it is noteworthy that the *Nixon* court dealt with a special prosecutor's subpoena for production of documents from the president, as opposed to a subpoena for production of items by a defendant at trial. This is a distinction with a meaningful difference, as the rights to confrontation and a fair trial guaranteed by the Sixth Amendment are, of course, trial rights of the defendant, *see U.S. v. Katzopoulos*, 437 F.3d 569, 574 (6th Cir. 2006) (reaffirming that right to confrontation is a trial right), the effective enforcement of which can only be accomplished by affording the rights to compulsory process and due process of law. A passage from Justice Thomas' concurring opinion, joined in by Justice Scalia, in *U.S. v. Hubbell*, 530 U.S. 27, 54 (2000), is instructive:

> Soon after the adoption of the Bill of Rights, Chief Justice Marshall had occasion to interpret the Compulsory Process Clause while presiding over the treason trial of Aaron Burr. *United States v. Burr*, 25 F. Cas. 30 (No. 14,692d) (CC Va. 1807). Burr moved for the issuance of a subpoena duces tecum to obtain from President Jefferson a letter that was said to incriminate Burr. The Government objected, arguing that compulsory process under the Sixth Amendment permits a defendant to secure a subpoena ad testificandum, but not a subpoena duces tecum. *Id.*, at 34. The Chief Justice dismissed the argument, holding that the right to compulsory process includes the right to secure papers-in addition to testimony-material to the defense. *Id.*, at 34-35.

The subpoena was consequently issued, and President Jefferson's Attorney General produced portions of the presidential letters and other papers. Jefferson also agreed to testify at a deposition to avoid the administrative inconvenience of a personal appearance at trial by the president. *U.S. v. Burr*, 25 F. Cas. 30, 69.

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(Emphasis added). Additionally, Fed. R. Crim. P. 16(d)(1) provides the Court with wide latitude to enter orders concerning regulating access to information, to include protective orders.

(11) For these reasons, Mr. Martland moves the Court for the entry of an Order providing a date certain for the production to the Court of materials subpoenaed by Mr. Martland from Original Footwear, Inc., to include a forensic image of any e-mail server and other electronic business records or materials of Wellco. Mr. Martland also moves the Court for the entry of a Protective Order allowing defense counsel to review, index, and copy materials of former Wellco in the possession of Original Footwear, for Original Footwear to continue to preserve and maintain electronic and other materials of Wellco in its possession during the pendency of this criminal case, and for any materials copied by counsel to only be used in the context of this case and not further disclosed.

Respectfully submitted this 2nd day of August, 2017, by:

*[signature]*

**STEPHEN ROSS JOHNSON [BPR #022140]**
**WADE V. DAVIES [BPR #016052]**
*Ritchie, Dillard, Davies & Johnson, P.C.*
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661, www.rddjlaw.com
*Counsel for Matthew Harrison Martland*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 2, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

_/s/ Stephen Ross Johnson_
STEPHEN ROSS JOHNSON