UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:16-CR-103 |
| ) | JUDGE GREER |
| MATTHEW HARRISON MARTLAND ) | |

**MOTION TO COMPEL GOVERNMENT TO PROVIDE DEFENDANT WITH EXHIBIT AND WITNESS LIST IN ADVANCE OF TRIAL**

The defendant, MATTHEW HARRISON MARTLAND, through counsel, pursuant to U.S. Const. amend. V and VI; Fed. R. Crim. P. 16; *United States v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980); and other authorities cited herein, respectfully moves this Honorable Court to enter an Order compelling the government to provide the defense a witness and exhibit list at least 90 days prior to trial.

In further support, the following is stated:

1. Mr. Martland has been charged via an eleven count Superseding Indictment with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, eight counts of wire fraud in violation of 18 U.S.C. § 1343, one count of major fraud against the United States in violation of 18 U.S.C. § 1031, and one count of smuggling goods into the United States in violation of 18 U.S.C. § 545.

2. In this case, an exhibit and witness list is necessary based on the complexity of the case, the volume of discovery materials and information, and the government's novel application of the charged statutes. The result of the combination of these factors is that a vast amount of evidence could potentially form the basis of the charges against Mr. Martland, and an equally vast amount could be critical to his defense. An exhibit and witness list is needed to enable Mr.

1

Martland to prepare a defense and to protect his rights to a fair and speedy trial, effective assistance of counsel, and due process.

3. The Scheme to Defraud alleged in the Superseding Indictment spans from December 2008 to August 2012, and concerns the allegedly fraudulent manufacture, advertising and sale of military and military-style boots as compliant with the Buy American Act, 41 U.S.C. § 8301 *et. seq.*, the Trade Agreements Act, 19 U.S.C. § 2501 *et. seq.*, the Berry Amendment, 10 U.S.C. 2533a, and country of origin product labeling laws, 15 U.S.C. § 45a. *See* Superseding Indictment (Doc. 36) at p. 6-7, ¶ ¶ 18-20.

4. The co-defendants are former employees of now-defunct Wellco Enterprises, Inc. As noted in the Superseding Indictment, Wellco was a leading international manufacturer and supplier of military and rugged footwear, Superseding Indictment (Doc. 36) at p. 1, ¶1, and sold vast numbers of military and military style boots to both civilian and government purchasers. *Id*. at p. 2, ¶ 4 (noting that from Jan. 1, 2007 to March 31, 2007, Wellco shipped 30,000 pairs of boots to customers).

5. As part of the Manner and Means to defraud, the Superseding Indictment puts forth a non-exhaustive list of 29 pairs of boots that were allegedly manufactured and sold fraudulently to both the government and the general public. Superseding Indictment (Doc. 36), at p. 10-12, ¶ 32. This non-exhaustive list alone would likely encompass tens – if not hundreds – of thousands of transactions. Preparing a defense against these allegations requires sifting through haystacks upon haystacks for needles, such as all of Wellco's purchasing, manufacturing, importing, advertising, and selling of boot components and fully assembled boots both internationally and domestically during the time period listed in the Superseding Indictment. *See id*. at pp. 1-16 (Count One).

6. The potential witnesses in this case are spread across multiple foreign jurisdictions, and the Superseding Indictment bases several wire fraud counts on electronic communications with unnamed individuals. *See id*. at pp. 16- 20 (Counts Two through Nine).

7. The discovery and relevant evidence in this case are voluminous. The government has provided the defendants with over 100 gigabytes of electronic discovery, consisting of tens of thousands of documents and emails that were stored on Wellco's corporate server.

8. As discussed more fully in Mr. Martland's motion to dismiss the Superseding Indictment because the charged offenses are unconstitutionally vague as applied, the charges in the Superseding Indictment are novel and vague. The charges rely on flexible standards used in domestic preference and product labeling laws, and there are not clear standards to determine the conduct forming the basis of the charges. This further hinders Mr. Martland's ability to prepare a defense, as the scope of the allegations he must prepare to defend against is broad and unclear.

9. In cases such as this one, early production is critical to the adequate preparation of the defense, and while it is not required by Fed. R. Crim. P. 16, the district court has the power to order the government to provide a witness and exhibit list available to the defense. *United States v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980) ("It is well recognized that the defendants cannot obtain lists of prosecution witnesses as a matter of right, although the district court has discretion to order the prosecution to produce it."); *see also United States v. Grace*, 526 F.3d 499, 513 (9th Cir. 2008) (affirming district court's Order requiring government to provide defendant with finalized witness and exhibit list over a year before trial, and collecting cases describing district court's inherent authority to do so); *United States v. Cadet,* 727 F.2d 1453, 1468-69 (9th Cir. 1984) (holding district court did not abuse its discretion by requiring government to produce pretrial a list of witnesses it did not intend to call at trial because the defendant had a right to know of such

3

witnesses); *United States v. Moss*, No. 02-20145, 2005 U.S. Dist. LEXIS 45231 (W.D. Tenn., 06/15/2005, Order [Doc. 538] at 5-7) (Donald, D.J.) (requiring government to provide witness and exhibit list complex case with fraud allegations and large volume of discovery); *United States v. Myers*, No. 12-9-JJB, 2013 U.S. Dist. LEXIS 22140 at *7-8 (M.D. La. Feb. 19, 2013) (Ordering government to provide defendant with full witness list within three days of issuance of Order so that defendant could effectively prepare for trial); *United States v. Nachamie*, 91 F.Supp.2d 565, 579 (S.D.N.Y. 2000) (requiring government to give witness list to defense 14 days before trial); *United States v. Cannone*, 528 F.2d 296, 299-302 (2d Cir. 1975) (noting that district courts have discretion to require government to disclose a witness list pretrial); *United States v. Poindexter*, 727 F. Supp. 1470 (D.D.C. 1989).

10. "The purpose of requiring the government to identify which documents it will rely upon at trial in a situation such as this – where there are thousands of documents – is to allow the defendant to adequately prepare his or her defense." *United States v. Upton*, 856 F. Supp. 727, 748 (E.D.N.Y. 1994) (cited with approval by *United States v. Moss*, No. 02-20145, 2005 U.S. Dist. LEXIS 45231 (W.D. Tenn., 06/15/2005, Order [Doc. 538] at 6)). "The government can have no legitimate objection to such witness disclosure since the Attorney General herself recognize[d] that 'upon a proper showing of materiality and need, Federal trial courts may order pretrial disclosure of the Government's prospective witnesses." *United States v. Owens*, 933 F. Supp. 76, 89 (D. Mass 1996) (citing Letter of September 11, 1995, from U.S. Attorney General to Supreme Court Chief Justice, which argued against the need to amend Fed. R. Crim. P. 16 expressly to

require the providing of a witness list by the government since district courts had the authority and discretion to order exhibit and witness lists in appropriate cases).[1]

11. Mr. Martland also moves the Court to compel the government to identify the documents it will seek to introduce at trial. The Court has discretion to make such an order. *United States v. Moss*, No. 02-20145, 2005 U.S. Dist. LEXIS 45231 (W.D. Tenn., 06/15/2005, Order [Doc. 538] at 6) (unpublished) (attached hereto); *United States v. Grace*, 526 F.3d 499, 513 (9th Cir. 2008) (affirming district court's Order requiring government to provide defendant with finalized witness and exhibit list over a year before trial, and collecting cases describing district court's inherent authority to do so); *United States v. Columbo*, 2006 U.S. Dist. LEXIS 49255 at *61 (S.D.N.Y. July 18, 2006) (noting that the district court's scheduling order required the government to provide an exhibit list a month before trial); *United States v. Turkish*, 458 F. Supp. 874, 882 1978 (directing prosecution to "identify to the defendants those documents it intends to offer, or to use or refer to in connection with the testimony of any witness, on its case in chief.").

12. The government cannot argue that it does not know yet what its precise witnesses or exhibits will be; the government is deemed to have its witnesses and exhibits together at the time it obtained the Indictment and, in this case, later obtained the Superseding Indictment. *United States v. Poindexter*, 727 F.Supp. 1470, 1484 (D.D.C. 1989); *United States v. Washington*, 819 F.Supp. 358 (D. Vermont 1993), *aff'd* 48 F.3d 73 (2d Cir.); *United States v. Owens*, 933 F.Supp. 76, 89 (E.D.N.Y. 1996) ("By seeking an indictment, the government represents in good faith that

---

[1] *See also* Pretrial Disclosure of Witness Identity, United States Attorney's Manual § 9-6.200 https://www.justice.gov/usam/usam-9-6000-release-and-detention-pending-judicial-proceedings (last accessed Oct. 25, 2017) ("[P]retrial disclosure of the identity or statements of a government witness may often promote the prompt and just resolution of the case. Such disclosure may enhance the prospects that the defendant will plead guilty or lead to the initiation of plea negotiations; in the event the defendant goes to trial, such disclosure may expedite the conduct of the trial by eliminating the need for a continuance.")

it can make out a *prima facie* case as to each crime charged. This means *at that time* it has witnesses and exhibits in hand.") (emphasis in original); *United States v. Tanner*, 279 F.Supp. 457, 468-71 (N.D. Ill. 1967); *United States v. Johnson*, 713 F.2d 633, 649 (11th Cir. 1983); *United States v. Rodriguez*, 799 F.2d 649, 652 (11th Cir. 1986).

12. Absent an exhibit and witness list, Mr. Martland's ability to receive effective assistance of counsel, due process of law and a fair jury trial are imperiled. Review of the voluminous discovery materials, conducting defense investigation, preparing to meet and confront the government's case at trial, and preparing and presenting the defense evidence cannot be done effectively in this particular case absent a designation of what specific materials and witnesses the government intends to introduce at trial. *See* U.S. Const. amend. V and VI; *Missouri v. Frye*, 566 U.S. 133 (2012); *Lafler v. Cooper*, 566 U.S. 156 (2012); Tenn. Sup. Ct. R. 8, RPC Preamble § 3 (ethical duty of zealous representation).

13. For these reasons, Mr. Martland respectfully moves this Honorable Court to enter an Order compelling the government to provide him at least 90 days prior to trial with a witness and exhibit list.

Respectfully submitted this 26th day of October, 2017, by:

/s/ Stephen Ross Johnson

**STEPHEN ROSS JOHNSON [BPR #022140]**
**WADE V. DAVIES [BPR # 016052]**
*Ritchie, Dillard, Davies & Johnson, P.C.*
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661
johnson@rddjlaw.com
*Counsel for Matthew Harrison Martland*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 26, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

_/s/ Stephen Ross Johnson_
STEPHEN ROSS JOHNSON

7

Case 2:16-cr-00103-JRG-MCLC  Document 81  Filed 10/26/17  Page 7 of 7  PageID #: 357