UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 2:16-CR-103 |
| | ) JUDGE GREER |
| MATTHEW HARRISON MARTLAND | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR BILL OF PARTICULARS**

The defendant, MATTHEW HARRISON MARTLAND, through counsel and pursuant to Fed. R. Crim. P. 7(f); the Due Process and Double Jeopardy Clauses of the Fifth Amendment; the Notice Clause of the Sixth Amendment; *Hamling v. United States*, 418 U.S. 87, 117 (1974); and other authorities cited herein, has respectfully moved this Honorable Court for an Order requiring the government to file a Bill of Particulars in this case.

**I.     INTRODUCTION**

Based upon insufficiencies in the Superseding Indictment, Mr. Martland has moved this Court for an Order dismissing it. The law is clear that a Bill of Particulars will not cure an insufficient indictment. *See Russell v. United States*, 369 U.S. 749, 769-770 (1962); *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993); *United States v. Sturman*, 951 F.2d 1466, 1479 (6th Cir. 1992).

> A grand jury, in order to make that ultimate determination, must necessarily determine what the question under inquiry was. To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basis protection which the guarantee of the intervention of the grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him.

*Russell*, 369 U.S. at 769-770.

1

Because of the vagueness and broadness of the charges in this case, Mr. Martland's rights to a fair trial, due process, and protections against double jeopardy obligate the government to further particularize the allegations in this case.

As discussed more fully in Mr. Martland's previously filed motions to dismiss (Docs. 72, 73, 79, 80, and 84), the Superseding Indictment in this case is wholly insufficient as a matter of law, misstates the applicable legal authorities, omits essential elements, and fails to state an offense. Should this Court find that the Superseding Indictment meets the minimum constitutional requirements for a charging instrument, however, the harms discussed in the above motions and supporting memoranda are still present.

Counts One through Ten charge a novel application of the conspiracy to commit wire fraud, multiple counts of wire fraud, and major fraud against the United States. All Counts rely on alleged violations of the Buy American Act, Trade Agreements Act, Berry Amendment, and country of origin product labeling laws to form the essential elements of the charged offenses. Count Eleven, charging smuggling goods into the United States, also relies on alleged violations of the above laws to form the essential elements of the offense.

The Superseding Indictment's reliance on these laws is misplaced, because rather than creating bright line rules, they are vague civil statutes that are designed to be applied on a case by case basis. The scope of these statutes is shaped by a vast body of complex interpreting regulations and administrative authority, but the Superseding Indictment does not allege which regulations or standards Mr. Martland allegedly violated. Instead, the Superseding Indictment contains only vague *et. seq.* citations to sections of the United States Code, and references unnamed "regulations" that have interpreted requirements of the Buy American Act. *See* Superseding Indictment (Doc. 36) at p. 4-5, ¶ 14.

2

By making vague references to statutory provisions but not the specific regulations and authority that define the proscribed conduct, the Superseding Indictment does not provide Mr. Martland with a clear and definite statement of the elements of the charges against him, and does not provide Mr. Martland with constitutionally required notice of the nature of the charges such that he can adequately prepare his defense.

Compounding the vagaries of the Superseding Indictment is the broad scope of allegations in the Superseding Indictment. The charges in the Superseding Indictment span from 2008 to 2012. *See* Superseding Indictment (Doc. 36) at p. 6-7, ¶ ¶ 18-20. As part of the manner and means to defraud, the Superseding Indictment puts forth a non-exhaustive list of 29 pairs of boots that were allegedly manufactured and sold fraudulently to both the government and the general public. Superseding Indictment (Doc. 36), at p. 10-12, ¶ 32. This non-exhaustive list alone would likely encompass tens – if not hundreds – of thousands of transactions that form the basis for the charges.

A Bill of Particulars particularizing the allegations against Mr. Martland is necessary. Mr. Martland requests that the Superseding Indictment be particularized to include the specific conduct forming the basis of the charges against him – to include the dates and locations of such alleged conduct. This request for particularization also includes particularization of the conduct forming the basis of the charges against his co-defendants because the Superseding Indictment alleges that Mr. Martland conspired and aided and abetted their allegedly illegal conduct.

II.     THE GOVERNMENT IS OBLIGATED TO PARTICULARIZE THE CHARGES.

   A.   Particularization is appropriate.

The authority for particularization of the charges made against a defendant is set forth in Fed. R. Crim. P. 7(f): "The court may direct the filing of a bill of particulars." The rule has been

3

interpreted to vest broad discretion in the trial court to grant or deny a defendant's request for a bill. *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981).

> The determination of whether a given bill falls within or exceeds (the) … permissible purposes is seldom subject to precise line drawing. More often it is an exercise calling for discrete decisions properly infused with the ambience of the trial scene and tailored to fit the facts before the trial judge. Not surprisingly then, in passing on motions for a bill of particulars, a trial court is afforded substantial discretion.

*United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978); *see also Wong Tai v. United States*, 273 U.S. 77, 82 (1927); *United States v. Barrett*, 505 F.2d 1091, 1106 (7th Cir. 1974), *cert. denied*, 421 U.S. 964 (1975); *United States v. Kendall*, 665 F.2d 126, 134 (6th Cir. 1981), *cert. denied*, 455 U.S. 1021 (1982).

Trial courts are not without guidance as to the exercise of their discretion. First, the drafters of Rule 7(f) left a clear statement of their intent to encourage the use of bills of particulars.

> The amendment to the first sentence eliminating the requirement of a showing of cause is designed to encourage a more liberal attitude by the courts towards bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases.

Advisory Committee Note to 1966 Amendment to Fed. R. Crim. P. 7(f).

### B. Constitutional Implications

There are well-recognized guideposts in deciding whether to grant or deny requests for a bill of particulars in specific cases. "The purposes of a bill of particulars, which should be considered by the court in ruling upon such a motion are: (1) to ensure that a defendant understands the nature of the charges against him so that he can adequately prepare for trial; (2) to avoid or minimize the danger of unfair surprise at trial; and (3) to enable the defendant to plead double jeopardy if he is later charged with the same offense when the indictment itself is too vague and indefinite for such purposes." *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976); *United*

4

*States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981); *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965); *see also United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979), *cert denied*, 444 U.S. 979 (1979); *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971), *cert. denied*, 405 U.S. 936 (1972). Therefore, a request for a bill of particulars concerns and implicates principles of due process, rights to a fair trial, and protections against double jeopardy.

### C. The appropriate test

The test for determining whether a bill of particulars should issue is whether the indictment is specific enough (1) to inform the defendant of the charges against him; (2) to protect him from double jeopardy; and (3) to enable him to prepare for trial. *See United States v. Azad*, 809 F.2d 291, 296 (6th Cir. 1986), *cert. denied*, 481 U.S. 1004 (1987); *see also United States v. Beasley*, 68 F.3d 523, 532 (8th Cir. 2012); *United States v. Rigas*, 490 F.3d 208, 237 (2d Cir. 2007); *United States v. Fassnacht*, 332 F.3d 440, 446-47 (7th Cir. 2003); *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976).

Finally, there is a body of trial court decisions that demonstrates the expansive use of Rule 7(f) and the underlying purposes of that use. "The purpose of a bill of particulars is to give a defendant key factual information not contained in the indictment, so as to enable him or her to prepare a defense and avoid surprise at trial." *United States v. Page*, 575 Fed. Appx. 641, 643 (6th Cir. 2014) (citing *United States v. Salisbury*, 983 F.2d 1369, 1775 (6th Cir. 1993); 1 Charles Alan Wright & Andrew D. Leipold, *Federal Practice and Procedure* § 130 (4th Ed. 2008)); *see also United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013) ("[T]he key question [in the court's bill of particulars analysis] is whether the defendant was sufficiently apprised of the charged against him in order to enable adequate trial preparation."); *Valentine v. Konteh*, 395 F.3d 626, 634 (6th Cir. 2005) (finding that, despite government's bill of particulars, defendant was not

5

sufficiently apprised of the charges against him); *United States v. Dames*, 380 F. Supp.2d 270, 273-74 (S.D.N.Y. 2005); *United States v. Rogers*, 617 F.Supp. 1024, 1027 (D.Col. 1985) (A request should be granted where "it is necessary that defendant have the particulars sought in order to prepare his defense and in order that prejudicial surprise will be avoided."); *see also United States v. Osticco*, 563 F.Supp. 727 (M.D. Pa. 1983); *United States v. Joseph*, 510 F.Supp. 1001 (E.D. Pa. 1981); *United States v. McCoy*, 492 F.Supp. 540 (M.D. Fla. 1980); *United States v. Holman*, 490 F.Supp. 755 (E.D. Pa. 1980); *United States v. Mannino*, 480 F.Supp. 1182 (S.D.N.Y. 1979); *United States v. Grindstaff*, 479 F.Supp. 599 (E.D. Tenn. 1978); *United States v. Hubbard*, 474 F.Supp. 64 (D.D.C. 1979); *United States v. Eilberg*, 465 F.Supp. 1076 (E.D. Pa. 1978); *United States v. Hedman*, 458 F.Supp. 1384 (N.D. Ill. 1978); *United States v. Isaacs*, 347 F.Supp. 743 (N.D. Ill. 1972).

The government often opposes the granting of a bill of particulars, arguing that it ought to not be compelling to reveal evidence or prosecution theories. This statement is misleading. Indictments are usually skeletal outlines. Particularization of these skeletons always involves evidence and legal theories. In each case where district courts have granted requests for particularization, the particularization has involved evidence and legal theories. A bill of particulars is intended to satisfy a defendant's "need to know the evidentiary details establishing the facts" of the offenses charged. Moreover, "any information which elaborates upon the nature of the offenses charged is likely to constitute 'evidence'." *United States v. Tanner*, 279 F.Supp. 457 (N.D. Ill. 1967). When necessary, a bill of particulars is granted "even though it requires the furnishing of information which in other circumstances would not be required because it is evidentiary in nature." *United States v. Smith*, 16 F.R.D. 372 (W.D. Mo. 1954) (opinion of Justice Whittaker cited with approval in Advisory Committee Note to Rule 7(f)); *see e.g.*, *Will v. United*

6

*States*, 389 U.S. 90, 98-99 (1967) ("[I]t is not uncommon for the Government to be required to disclose the names of potential witnesses in a bill of particulars."; *United States v. Levine*, 546 F.2d 658, 666 (5th Cir. 1977) (bill of particulars expected to inform defendant "as to what proof" he must meet at trial); *United States v. Brighton Bldg & Maintenance Co.*, 435 F.Supp. 222, 236 (N.D. Ill. 1977) (partial list of witnesses ordered produced); *United States v. Feola*, 651 F.Supp. 1068 (S.D.N.Y. 1987) (list of witnesses to overt and substantive acts ordered produced).

### III. THE SUPERSEDING INDICTMENT DOES NOT CONTAIN SUFFICIENT PARTICULARIZATION.

The Superseding Indictment relies on alleged violations of domestic preference and product labeling laws that are designed to be enforced on a case by case basis, rather than treated as providing bright line rules. These statutes are inherently vague, and their scope and meaning is shaped by a vast body of interpreting regulations and case law. Furthermore, the Superseding Indictment makes no reference to the specific regulations that Mr. Martland allegedly violated. Mere allegations of violations of these statutes, coupled with conclusory recitations of the essential elements of the charged offenses are not sufficiently clear and definite to inform Mr. Martland of the nature of the charges against him. *See Hamling v. United States*, 418 U.S. 87, 117 (1974) ("Undoubtedly the language of the statute may be used in the general description of the offense, *but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense*, coming under the general description with which he is charged.") (emphasis added).

While a bill of particulars cannot be used to save an otherwise invalid indictment, *see United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993), circumstances like this are precisely the reason that Rule 7 gives this Court the discretion to require a bill of particulars. *See United States v. Davidoff*, 854 F.2d 1151, 1154 (2d Cir. 1998) (reversing RICO conspiracy

7

conviction on the basis that district court failed to order government to submit bill of particulars); *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987) (failure to provide mail fraud defendants with specific information as to which claims were fraudulent and which invoices were falsified was reversible error). The legal sufficiency of the indictment is not a basis for rejection of a bill of particulars, though. *United States v. Debrow*, 346 U.S. 374, 378 (1953) ("The sufficiency of the indictment is not a question of whether it could have been more definite and certain. If the defendants wanted more definite information as the [charges], they could have obtained it by requesting a bill of particulars.") (citing Fed. R. Crim. P.7(f)); *United States v. Fawaz*, 881 F.2d 259, 265 (6th Cir. 1989) ("If [defendant] wished to obtain a clearer statement of the government's theories of materiality, he had the power to request a bill of particulars.").

In *Davidoff*, the defendant was charged with RICO conspiracy, and the indictment rather broadly alleged that the predicate acts to the racketeering charge were extortionate schemes directed toward one company; defendant moved for a bill of particulars, but the motion was denied, and defendant was confronted at trial with evidence of extortions aimed at entirely different companies. *See United States v. Davidoff*, 854 F.2d 1151, 1154 (2d Cir. 1998). On appeal after conviction, the Second Circuit held that the defendant should have been apprised through a bill of particulars of at least the basic nature of the allegations he would face. The failure to grant the bill required reversal. *Davidoff*, 845 F.2d at 1154.

Moreover, the *Davidoff* court also noted that the Government could not excuse the lack of a bill of particulars by contending that information concerning the defendant's alleged participation in conspiracy involving extortions against companies unrelated to a company named in the indictment was contained in *Jencks Act* statements of prosecution witnesses turned over to the defendant during jury selection and during trial. *Jencks Act* material could not be automatically

8

relied upon as an adequate substitute for straightforward identification in a bill of particulars of the identity of the victims of offenses the prosecution intended to prove. *See Davidoff*, 845 F.2d at 1155. Additionally, just providing the defendant with everything the prosecution has during discovery is insufficient; a defendant may have all the discovery in the world and yet still not know the particularity of the charges against him. *Id*. (finding that pretrial turnover of some 6,000 pages of material concerning wiretap application and transcripts of wiretapped conversation did not provide notice of defendant's alleged extortion against companies not named in indictment so as to excuse the lack of bill of particulars that had be requested by defendant on conspiracy charge).

Here, Mr. Martland seeks basic information about the charges. Motions seeking particularization of the time, place and circumstances of the alleged offense are routinely granted as being necessary in order for the defendant to know against what he must defend, and what the prosecution intends to prove. *See e.g.*, *United States v. Tedesco*, 441 F.Supp. 1336 (D. Penn. 1977); *United States v. Baker Brush Co.*, 197 F.Supp. 922 (D.N.Y. 1967); *see also* One C. Wright, *Federal Practice and Procedure*, Criminal Section 129 (1982), at 134 ("Thus, in order for the defendant to know against what he must defend, it will frequently be necessary to require the Government to disclose a time and place of the alleged offenses, and the names of the persons present when the offense took place.") (citations and footnotes omitted).

### IV.   A BILL OF PARTICULARS IS NECESSARY TO AVOID SURPRISE.

Mr. Martland needs to know with specificity what the government alleges what done to further the offenses so that he (1) can prepare for the actual charges the government will attempt to prove[1], and (2) so that he can file the necessary motions to prevent the introduction of prejudicial

---

[1] As stated in *United States v. Davidoff*, 854 F.2d 1151 (2d Cir. 1988), "it is simply unrealistic to think that a defendant preparing to meet the charges of extorting funds from one company had a fair opportunity to defend against allegations of extortions against unrelated

9

assertions that are irrelevant to the charges or otherwise inadmissible on the basis of suppression or other issues.

> The government cannot put the defendant in the position of disclosing certain overt acts through the indictment and withholding others subsequently discovered, all of which it intends to prove at trial. This is the type of surprise a bill of particulars is designed to avoid.

*United States v. Tanner*, 279 F.Supp. 457, 476 (N.D. Ill. 1967); *see also United States v. Covelli*, 210 F.Supp. 589 (N.D. Ill. 1962).

The structure of the Superseding Indictment itself is insufficient to accord Mr. Martland the information necessary to defend the charges. The Sixth Circuit has explained that a trial court should exercise its discretion to order a bill of particulars whenever necessary to fulfill any of the three purposes of the bill: (1) to inform the defendant of the nature of the charges with sufficient precision to enable him to prepare adequately for trial; (2) to prevent or minimize the danger of surprise at the time of trial; or (3) to enable the defendant to plead his or her acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague for double jeopardy purposes. *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976).

The requested bill of particulars is necessary because the Superseding Indictment fails to satisfy any of the tests from *Birmley*. The mere citations to the domestic preference statutes, without more, is inadequate. Furthermore, the elements of the charged offense are apparently based on violations of country of origin laws, and those are not even cited in the Superseding Indictment. The government has alleged a broad scheme to defraud, encompassing four years and likely hundreds of thousands of transactions made by Wellco. Mr. Martland is entitled to additional

---

companies, allegations not made prior to trial." *See also United State v. Chavez*, 854 F.2d 219 (9th Cir. 1988) (defendant misled by bill of particulars which asserted there would be proof of no other individuals "supervised" by defendant).

information which is necessary for him to prepare his defense, minimize surprise at trial, and to specify the charged offenses to prevent double jeopardy issues.

Courts have increasingly exercised their discretion toward granting requests for particularization, in recognition of the trend toward full disclosure of the government's accusations. As one court put it:

> The liberalization of [Rule 7(c)] was undoubtedly in recognition of the trend toward fuller disclosure of the Government's case to better serve the ends of criminal justice. While the discretion continues to reside in the trial court, it should be freely exercised with an awareness that an indictment may be sufficient on its face to state an offense, yet insufficient to adequately inform the accused of the charge against him to enable him to properly prepare his defense and, at least, to avoid prejudicial surprise.

*King v. United State*, 402 F.2d 289, 292 (10th Cir. 1968); *see also* Arkin, *et. al*, *Business Crime*, Vol 1, § 4.03, p. 4-31 (1984) ("As the expansion over the years of pretrial discovery has been tacitly recognized, intelligent trial preparation and the avoidance of unfair surprise at trial generally demand greater particularity of information than is necessary to fulfil the requirement of a grand jury indictment.").

In the present case, the balancing of the parties' interests tips in favor of granting Mr. Martland's motion for particularization. The Bill requested will enable Mr. Martland to sift more efficiently through the evidence, it will enable defense counsel to more intelligently interview potential witnesses; it will enable counsel to more cogently prepare jury instructions tailored to the allegations; and it will avoid unnecessary waste of judicial resources because the parties will focus their attention on what is really in dispute. The request for particulars will not prejudice the government, but will greatly enhance the truth-finding function, and the efficiency of the triall process by allowing adequate preparation by all parties.

## V. CONCLUSION

For these reasons, Mr. Martland respectfully requests this Court to enter and Order compelling the government to file a Bill of Particulars particularizing the specific conduct forming the basis of the charges against him – to include the dates and locations of such alleged conduct. This request for particularization also includes particularization of the conduct forming the basis of the charges against his co-defendants because the Superseding Indictment alleges that Mr. Martland conspired and aided and abetted their allegedly illegal conduct. Mr. Martland also relies on, and incorporates by reference, the arguments and briefing he has previously raised with the Court concerning specific deficiencies in the Superseding Indictment.

Respectfully submitted this 26th day of October, 2017, by:

_/s/ Stephen Ross Johnson_

**STEPHEN ROSS JOHNSON [BPR #022140]**
**WADE V. DAVIES [BPR # 016052]**
*Ritchie, Dillard, Davies & Johnson, P.C.*
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661
johnson@rddjlaw.com
*Counsel for Matthew Harrison Martland*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

_/s/ Stephen Ross Johnson_
STEPHEN ROSS JOHNSON